UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

BERLINCIA EASTERLING, on behalf of herself
and all others similarly situated,

                          Plaintiffs-Appellant,

                                                    Docket No. 09-CV-669

    v.

COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA

                          Defendant-Appellee.
_____

**ADDENDUM A:**

This is an action for actual and statutory damages brought in response to Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff in her complaint alleges that the Defendant violated the following sections of the FDCPA: 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f. The Defendant moved under Rule 56 to dismiss the case in its entirety. The District Court granted the Defendant's Motion for Summary Judgment and dismissed the action in its entirety.


**ADDENDUM B:**

> Did the District Court correctly find that there were no genuine issues of material fact and that all ambiguities were resolved in favor of the Appellant and that all reasonable inferences were drawn in favor of the Appellant upon dismissing Plaintiff's case in its entirety and granting Defendant's Motion for Summary Judgment? The secondary issues relevant to this primary issue are the following:
>
> 1. Did the District Court err in determining that the Defendant's collection letter that stated the Plaintiff's student loan debt was ineligible for bankruptcy discharge was an accurate statement despite the fact that the student loan may have been eligible for bankruptcy discharge?

2. Did the District Court err in determining that no reasonable jury could find that Defendant's collection letter that stated the Plaintiff's student loan debt was ineligible for bankruptcy discharge was not false, deceptive, or misleading since the student loan may have been eligible for bankruptcy discharge?

3. Did the District Court err in determining that no reasonable jury could find that Defendant's collection letter that stated the Plaintiff's student loan debt was ineligible for bankruptcy discharge was not unfair or unconscionable since the student loan may have been eligible for bankruptcy discharge?

The appellate standard of review for a District Court's grant of summary judgment is *de novo*.

Respectfully submitted this 21[th] day of August, 2011,

/s/ Joseph D. Clark_____
Joseph D. Clark
Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY  14226
(716)564-3288
Email: jclark@kennethhiller.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERLINCIA EASTERLING, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 09-cv-669(JTC)(HBS) |
| | ) |
| COLLECTO, INC., | ) |
| | ) |
| Defendant. | ) |

### Notice of Appeal

Notice is hereby given that plaintiff BERLINCIA EASTERLING appeals to the United States Court of Appeals for the Second Circuit from the following: (1) the Decision and Order of the Honorable John T. Curtin, United States District Judge, filed on July 12, 2011, granting the defendant's motion for summary judgment to dismiss the complaint under Fed. R. Civ. P. 56, for the reasons given in the Decision and Order, and (2) from the resulting judgment entered in this action on July 13. Copies of the Decision and Order and the Judgment are attached as Exhibits A and B, respectively.

Dated: Amherst, New York
      August 8, 2011

Respectfully Submitted,

Law Offices of Kenneth Hiller, PLLC

/s/ Joseph D. Clark
Joseph D. Clark

Attorneys for Plaintiff
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com

Kenneth R. Hiller
Joseph D. Clark
Law Offices of Kenneth Hiller, PLLC
600 North Bailey Road, Suite 1A
Amherst, NY 14226
Tel: (877) 236-7366
Fax: (888) 322-9399
Email: khiller@kennethhiller.com; jclark@kennethhiller.com

To: Attorneys for Defendant
Bradley J. Levien, Esq.
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
25 Newbridge Road, Suite 200
Hicksville, NY 11801
Tel: (516) 939-9200
Fax: (516) 939-9201
Email: blevien@defensecounsel.com

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERLINCIA EASTERLING,

                              Plaintiff,

        -vs-                                          09-CV-669-JTC

COLLECTO, INC.,

                              Defendant .

---

        By order of Chief United States District Judge William M. Skretny dated July 6, 2011

(Item 40), this matter has been reassigned to the undersigned for all further proceedings.

        In this action, plaintiff Berlincia Easterling claims that defendant Collecto, Inc. sent

her a false, misleading, or deceptive student loan debt collection letter in violation of certain

provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Plaintiff has moved pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify

a class of student loan debtors who "were sent a debt collection letter by [defendant] . . . in

a form materially identical or substantially similar to the letter sent to Plaintiff" (Item 26, p.

1), and defendant has moved pursuant to Fed. R. Civ. P. 56 for summary judgment to

dismiss the complaint in its entirety (Item 28).

        For the reasons that follow, defendant's motion for summary judgment is granted.

Because the summary judgment motion disposes of this case, the court will not address

plaintiff's class certification motion.

## BACKGROUND

In or around 1987, plaintiff obtained a student loan guaranteed by the United States Department of Education (Item 28-6, ¶ 1). Plaintiff's student loan balance remained due and owing in the amount of $2,469.00 when she filed a petition under Chapter 7 of the Bankruptcy Code on August 23, 2001 (*id.* at ¶¶ 2, 3, 9). She prepared her bankruptcy case with the advice of legal counsel, and listed her unsecured non-priority claims on "Schedule F" (*id.* at ¶¶ 5, 15; Item 28-5, pp. 7-10). On her "Schedule F" she characterized her student loan debt as "not dischargeable," and she did not attempt to obtain a discharge of her student loan debt by showing in an adversary proceeding that repaying the loan would cause her undue hardship, as required by the Bankruptcy Code (Item 28-5, p. 9; Item 28-6, ¶ 23); *see* 11 U.S.C. § 523(a)(8) (excepting student loan debt from discharge in bankruptcy "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor"); Fed. R. Bankr. P. 7001(6) (requiring an adversary proceeding "to determine the dischargeability of a debt"). Plaintiff acknowledges that she had the right to claim undue hardship in this manner, but she did not pursue this relief during the pendency of her 2001 bankruptcy case (Item 28-6, ¶¶ 23, 31). As a result, plaintiff's student loan debt was not discharged upon the conclusion of the bankruptcy case on November 29, 2001, and the debt remained due and owing thereafter (*id.* at ¶¶ 35, 36; Item 28-5, p. 12).

Defendant Collecto, Inc. is primarily in the business of collecting debts, and is experienced in collecting overdue student loans (Item 28-7, pp. 7, 8). Defendant has a contract with the Department of Education to collect overdue student loans, and has assigned a manager specifically to the Department of Education contract to ensure

compliance with agency guidelines and federal laws (*id.* at 6). The record demonstrates that defendant has specific internal procedures for its employees to follow when attempting to collect overdue student loans owed by bankrupt debtors (*id.* at 15, 16). When defendant's employees learn that a student loan debtor has filed for bankruptcy, the debt collectors suspend collection activity and assign the overdue account to an administrative resolution department to determine whether the student loan debt was discharged in bankruptcy (*id.* at 32, 33). The administrative resolution clerks examine each bankruptcy filing; and if the student loan debt was discharged in bankruptcy, defendant sends the account back to the Department of Education because the debts cannot be collected (*id.* at 16, 26). However, if the administrative resolution clerk finds that the bankrupt student loan debtor did not initiate an undue hardship adversary proceeding to discharge the debt, defendant recommences collection efforts by mailing a letter to the debtor indicating that the student loan debt is not dischargeable (*id.* at 33, 35-38).

Defendant attempted to collect plaintiff's overdue student loan debt by sending plaintiff a form letter dated September 24, 2008, that stated:

***IMPORTANT NOTIFICATION***

*****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE*****

Your account is NOT eligible for bankruptcy discharge and must be resolved.

(Item 28-3, ¶ 16).

Plaintiff then commenced this action on July 9, 2009, alleging that this language in the collection letter violated the FDCPA (Item 1). Specifically, plaintiff claims that defendant's characterization of her student loan debt as "ineligible for bankruptcy discharge" is a false, deceptive, or misleading representation of her student loan debt

-3-

because the possibility exists that she could either reopen her 2001 bankruptcy case or file a new bankruptcy case, and then seek a discharge of her student loan debt (*see* Item 36, pp. 1, 2). Plaintiff has moved to certify a class of student loan debtors to whom Collecto sent a debt collection letter "in a form materially identical or substantially similar to" the September 24, 2008 letter she received (Item 26, p. 1), and defendant has moved for summary judgment to dismiss this claim in its entirety.

For the reasons that follow, defendant's motion for summary judgment is granted, and the complaint is dismissed.

## DISCUSSION

### I.    Summary Judgment

Rule 56 provides that summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party", and facts are "material" if they "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In reaching a summary judgment determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 574 (2d Cir. 2005). The moving party bears the initial burden of establishing that there are no genuine issues of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). That burden may be satisfied by pointing out the absence of evidence to support the non-movant's claims.

-4-

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once this initial showing is made, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *Anderson*, 477 U.S. at 256; *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996). Mere conclusory allegations are insufficient and "[t]here must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts'" to defeat a motion for summary judgment. *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), *cert. denied*, 500 U.S. 928 (1991).

The trial court's function at the summary judgment stage "is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Svc, Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994); *see also Keystone Mfg Co. v. Jaccard Corp.*, 394 F. Supp. 2d 543, 549 (W.D.N.Y. 2005).

## II.    Fair Debt Collection Practices Act

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the

consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Plaintiff alleges that by sending the "ineligible for bankruptcy discharge" collection letter to plaintiff and other bankrupt student loan debtors, defendant violated the general prohibition of section 1692e (prohibiting a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt"); as well as the specific prohibitions of subsections e(2)(A) (prohibiting a debt collector from falsely representing "the character, amount, or legal status of any debt"); e(5) (prohibiting a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken"); and e(10) (prohibiting a debt collector from "us[ing] … any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"); and, in addition, section 1692f (prohibiting a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt").

In this Circuit, the question of whether a debt collector's communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer," in an effort to ensure that gullible and shrewd consumers alike are protected from abusive debt collection practices. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The "least sophisticated consumer" standard applies to violations of both sections 1692e and 1692f, *Hasbrouck v. Arrow Fin. Servs.*, 2011 WL 1899250, at *3 (N.D.N.Y. May 19, 2011), and, therefore, the court will analyze each of plaintiff's statutory claims under this standard.

-6-

**A.    15 U.S.C. § 1692e, e(2)(A), e(5), and e(10)**

Section 1692e of the FDCPA provides sixteen specific and nonexclusive prohibited

debt collection practices, in addition to generally prohibiting a debt collector from "us[ing]

any false, deceptive, or misleading representation or means in connection with the

collection of any debt." 15 U.S.C. § 1692e. Under the "least sophisticated consumer"

standard, "collection notices can be deceptive if they are open to more than one

reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319.

However, courts have carefully preserved the concept of reasonableness, and have been

unwilling to extend the FDCPA's protections to "'every bizarre or idiosyncratic interpretation'

of a collection notice." *Id.* (quoting *Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989)).

Plaintiff argues that the collection letter sent by defendant stating that her student

loan debt was "ineligible for bankruptcy discharge" was inaccurate because it is technically

possible that plaintiff's student loan debt could be discharged in bankruptcy (*see* Item 36

at 11). Plaintiff maintains that she could either reopen her 2001 bankruptcy case or file a

new bankruptcy case, and then seek a discharge of her student loan debt in an adversary

proceeding by showing undue hardship (*id.*). While it is well settled that student loans are

presumptively nondischargeable in bankruptcy, *U.S. Aid Funds, Inc. v. Espinosa*, ___ U.S.

___, ___, 130 S. Ct. 1367, 1381 n.13 (2010) (discussing the effect of 11 U.S.C.

§ 523(a)(8)), the Bankruptcy Code provides an exception that student loans can be

discharged if forcing repayment "would impose an undue hardship on the debtor . . ." *See*

11 U.S.C. § 523(a)(8). However, the "debtor bears the burden of proof to show undue

hardship under Code § 523(a)(8)." *In re Pincus*, 280 B.R. 303, 310 (Bankr. S.D.N.Y.

-7-

2002); *see also In re Thoms*, 257 B.R. 144, 148 (Bankr. S.D.N.Y. 2001); *United States v. Wood*, 925 F.2d 1580, 1583 (7th Cir. 1991).

Here, plaintiff has neither reopened her 2001 bankruptcy case nor filed a new bankruptcy case to seek a discharge of her student loan. In her original bankruptcy case filed with the advice of counsel in 2001, she never even attempted to bring an adversary proceeding to show that repaying her student loan would cause her undue hardship (Item 28-6, ¶¶ 23, 31). In the court's view, it is difficult to understand how plaintiff believes that defendant's 2008 characterization of her student loan debt as "ineligible for bankruptcy discharge" is inaccurate, when she failed to exercise her available legal rights from 2001 through the present to overcome the presumption that her student loan debt was not dischargeable. If plaintiff wants to challenge this presumption of nondischargeability, she still has the opportunity to do so in bankruptcy court. However, until she can make a showing of undue hardship, her student loan debt is, in fact, not dischargeable in bankruptcy, and the representation in defendant's collection letter is not inaccurate.

In addition, the difficult nature of prevailing in an undue hardship adversary proceeding undermines the reasonableness of plaintiff's interpretation of defendant's letter. To obtain an undue hardship discharge, the Second Circuit requires a student loan debtor to prove:

> (1) that she cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this current state of affairs is likely to persist for a significant portion of the repayment period; and
>
> (3) that she has made good faith efforts to repay the loans.

*In re Davis*, 373 B.R. 241, 245 (Bankr. W.D.N.Y. 2007) (citing *Brunner v. N.Y. Higher Educ.*

*Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). The "additional circumstances" prong of

the *Brunner* test is a high threshold for a student loan debtor;[1] to satisfy this prong, courts

often require a debtor to show the existence of rare or severe predicaments such as

"illness, disability, a lack of useable job skills, or the existence of a large number of

dependents." *In re Davis*, 373 B.R. at 250 (quoting *In re Oyler*, 397 F.3d 382, 386 (6th Cir.

2005)).

While this court is not tasked with adjudicating whether plaintiff has satisfied the

elements of the *Brunner* undue hardship test, it is important to understand that obtaining

a discharge of a student loan is not achieved merely by filing an adversary proceeding;

there is a high burden of proof that a debtor must satisfy. Plaintiff's argument assumes

that this high burden of proof will be satisfied, when she has not even attempted to make

an adversary undue hardship claim to overcome the presumption of nondischargeability.

Plaintiff's interpretation of the collection letter rests on an assumption that, simply, is not

reasonable.

Accordingly, no reasonable jury could find that defendant's collection letter was

false, deceptive, or misleading; and therefore, defendant is entitled to summary judgment

dismissing plaintiff's section 1692e claim.

---

[1]*See, e.g., In re L.K.*, 351 B.R. 45, 54 (Bankr. E.D.N.Y. 2006) (quoting *Brunner*, 831 F.2d at 396
("The ['additional circumstances'] prong puts into effect 'the clear congressional intent exhibited in section
523(a)(8) to make the discharge of student loans more difficult than that of other nonexcepted debt.'")); *In
re Frushour*, 433 F.3d 393, 401 (4th Cir. 2005) (characterizing the "additional circumstances" prong as "a
demanding requirement") (internal citations omitted); *Educ. Credit Mgmt. Corp. v. Curiston*, 351 B.R. 22,
29 (D. Conn. 2006) ("[T]he additional circumstances element sets a high standard of proof.").

Plaintiff also alleges that defendant's collection letter violates section 1692e(2)(A), and subsections e(5), and e(10), which prohibit a debt collector from taking the following actions, respectively:

> (2) The false representation of . . . (A) the character, amount, or legal status of any debt; . . . .
>
> . . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A), e(5), and e(10).

Because the court has found that defendant's letter stating that plaintiff's student loan debt was "ineligible for bankruptcy discharge" was not false, deceptive, or misleading, the claims under the more specific subsections e(2)(A), e(5), and e(10) must similarly fail. As detailed above, because defendant's collection letter stating that "[y]our account is NOT eligible for bankruptcy discharge and must be resolved" is not a false representation, but rather is an accurate characterization of the loan's legal status, the letter does not threaten action that cannot legally be taken (Item 1 at 9). The collection letter merely informs plaintiff that her account remains due and owing, and advises her that "[t]here are several voluntary options available to you including repayment arrangement, rehabilitation, compromise settlement and consolidation" (*id.*). Since plaintiff's student loan debt is not dischargeable in bankruptcy, defendant was justified in informing plaintiff of her available debt resolution options, and in no way can this statement be construed as threatening

-10-

action that cannot legally be taken; to the contrary, the loan was not discharged, and it remained due and owing. Based on this record, no reasonable jury could find that defendant's collection letter was false, deceptive, or misleading in violation of section 1692e and subsections e(2)(A), e(5), and e(10). Therefore, defendant is entitled to summary judgment dismissing these claims.

### B.   15 U.S.C. § 1692f

Section 1692f prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. However, "the unfair or unconscionable conduct alleged must be in addition to the acts that a plaintiff alleges violate other sections of the FDCPA." *Annis v. Eastern Asset Mgmt.*, 2010 WL 1035273, at *4 (W.D.N.Y. Mar. 18, 2010) (citing *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)). Here, plaintiff does not allege additional conduct to support her section 1692f claim, but instead relies only on the conduct which forms the basis for her section 1692e claim; therefore, there is no violation of section 1692f.

Furthermore, the record demonstrates that defendant takes great care to ensure that the not-dischargeable-in-bankruptcy collection letter is sent only to debtors whose student loans have not been discharged in bankruptcy.  As detailed above, when defendant's debt collectors learn that a student loan debtor has filed for bankruptcy, the debt collectors suspend collection activity and assign the account to an administrative resolution department to determine whether the student loan debt was discharged in bankruptcy (Item 28-7, at 32, 33). Defendant recommences collection proceedings only if the administrative resolution clerk finds that the bankrupt student loan debtor did not

initiate an undue hardship adversary proceeding to discharge the debt (*id.* at 33). Defendant carries out its student loan debt collection in a careful and organized manner, with oversight from a manager specifically assigned to the Department of Education contract (*Id.* at 6). Defendant's collection methods, therefore, cannot be characterized as unfair or unconscionable.

Based on this record, and having drawn all reasonable inferences in plaintiff's favor, no rational juror could find in favor of plaintiff on her claim that defendant's means of collecting her student loan debt was unfair or unconscionable in violation of section 1692f. Therefore, defendant is entitled to summary judgment dismissing this claim.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff has failed to come forward with evidence of specific facts that raise a genuine issue for trial on any of the claims asserted in the complaint, and that defendant is entitled to judgment dismissing those claims as a matter of law. Accordingly, defendant's motion for summary judgment (Item 28) is granted, and the complaint is dismissed. Because summary judgment disposes of this case, the court will not address plaintiff's class certification motion.

The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   July 7   , 2011
p:\pending\2009\09-669.june17.2011

-12-

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

## WESTERN DISTRICT OF NEW YORK

Easterling

v.

Collecto, Inc.

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER: 09-CV-669-C

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED, defendant's motion for summary judgment (item 28) on the docket is granted, and the complaint is dismissed. Because summary judgment disposes of this case, the court will not address plaintiff's class certification motion.

Date: July 13, 2011

MICHAEL J. ROEMER,
CLERK OF COURT
UNITED STATES DISTRICT COURT

By: s/Denise Collier
Deputy Clerk

# Exhibit B

## Certificate of Service of Notice of Appeal

Joseph D. Clark, an attorney, hereby certifies under penalties of perjury that he caused to be served on the following attorneys of record the foregoing documents by placing a copy in the U.S. Mail, with proper postage prepaid, on August 8, 2011, and addressed to the following people:

Bradley J. Levien, Esq.
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
25 Newbridge Road, Suite 200
Hicksville, NY 11801

Dated: Amherst, New York
        August 8, 2011

Joseph D. Clark
Joseph D. Clark

APPEAL, CASREF, CLOSED_2011, MEDIATION

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CIVIL DOCKET FOR CASE #: 1:09-cv-00669-JTC -HBS

Easterling v. Collecto, Inc.
Assigned to: Hon. John T. Curtin
Referred to: Hon. Hugh B. Scott
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 07/23/2009
Date Terminated: 07/13/2011
Jury Demand: Both
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

## Plaintiff

**Berlincia Easterling**
*on behalf of herself and all others similarly
situated*

represented by **Brian L. Bromberg**
Bromberg Law Office, P.C.
40 Exchange Place
Suite 2010
New York, NY 10005
212-248-7906
Fax: 212-248-7908
Email: brian@bromberglawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph D. Clark**
Law Offices of Kenneth Hiller
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226
(716) 564-3288
Fax: (716) 332-1884
Email: jclark@kennethhiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth R. Hiller**
Law Offices of Kenneth Hiller
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226
(716) 564-3288
Fax: (716) 332-1884
Email: khiller@kennethhiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Thomas Lane**
Bromberg Law Office, P.C.
40 Exchange Place

Sutie 2010
New York, NY 10005
212-248-7906
Fax: 212-248-7908
Email: peter@bromberglawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Collecto, Inc.**                          represented by    **Bradley J. Levien**
*doing business as*                                          Mintzer, Sarowitz, Zeris, Ledva & Meyers,
Collection Company of America                                LLP
                                                            25 Newbridge Road
                                                            Suite 200
                                                            Hicksville, NY 11801
                                                            516-939-9200
                                                            Fax: 516-939-9201
                                                            Email: blevien@defensecounsel.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2009 | 1 | COMPLAINT against Collecto, Inc. (Filing fee $350.00 receipt number 013727), filed by Berlincia Easterling. (DLC) (Entered: 07/24/2009) |
| 07/23/2009 | | Summons Issued as to Collecto, Inc.. (DLC) (Entered: 07/24/2009) |
| 07/23/2009 | | AUTOMATIC REFERRAL to Mediation. (DLC) (Entered: 07/24/2009) |
| 08/13/2009 | 2 | SUMMONS Returned Executed by Berlincia Easterling. Collecto, Inc. served on 8/5/2009, answer due 8/25/2009. (Hiller, Kenneth) (Entered: 08/13/2009) |
| 09/25/2009 | 3 | Consent MOTION for Extension of Time to File Answer re 1 Complaint *by Letter* by Collecto, Inc.. (Attachments: # 1 Stipulation)(Levien, Bradley) (Entered: 09/25/2009) |
| 10/15/2009 | 4 | TEXT ORDER. The 3 Stipulation extending the Defendant's time to answer, appear, or otherwise move with respect to the Plaintiff's Complaint is HEREBY APPROVED. Time is extended up to and including 10/23/2009. SO ORDERED. Issued by William M. Skretny U.S.D.J. on 10/4/2009. (MEAL) (Entered: 10/15/2009) |
| 10/24/2009 | 5 | Corporate Disclosure Statement by Collecto, Inc.. (Levien, Bradley) (Entered: 10/24/2009) |
| 10/24/2009 | 6 | ANSWER to 1 Complaint by Collecto, Inc..(Levien, Bradley) (Entered: 10/24/2009) |
| 10/26/2009 | 7 | ADR Notice and Plan electronically forwarded to attorneys. (DLC) (Entered: 10/26/2009) |
| 10/27/2009 | 8 | TEXT REFERRAL ORDER - Hon. Hugh B. Scott, United States Magistrate Judge, is hereby designated to act in this case as follows: Pursuant to 28 U.S.C. § 636(b)(1)(A), all pre-trial matters in this case are referred to the above-named United States Magistrate Judge, including |

but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge. The Magistrate Judge shall not hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), unless further ordered by this Court. All motions or applications shall be filed with the Clerk and made returnable before the Magistrate Judge. The parties are encouraged to consider the provisions of 28 U.S.C. § 636(c) governing consent to either partial or complete disposition of the case, including trial if necessary, by the Magistrate Judge. Consent forms are available from the office of the Magistrate Judge or the office of the Clerk of Court. IT IS SO ORDERED. Issued by Judge William M. Skretny on 10/27/2009. (JCD) (Entered: 10/27/2009)

| 10/27/2009 | 9 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT** |

**TEXT OF THE ORDER**

This case has been referred to the undersigned for pretrial proceedings. A scheduling conference will be held on **January 6, 2010 at 2:30 p.m.,** in the chambers of the undersigned.

PRIOR TO THE SCHEDULING CONFERENCE, THE PARTIES ARE DIRECTED TO COMPLY WITH THE REQUIREMENTS OF RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE. This means that, at a minimum, (1) the parties are to have exchanged initial disclosures as required by Rule 26(a)(1); (2) the parties are to have met or conferred as required under Rule 26(f); and (3) the parties are to have submitted a proposed discovery plan to the Court at least 7 days prior to the scheduling conference as also required by Rule 26(f).

Also, the Magistrate Judge is available to conduct any or all proceedings in a jury or non-jury civil matter and to order the entry of judgment in the case pursuant to 28 U.S.C. 636(c). Attached hereto is a Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge, together with a consent form, for consideration by the parties. The parties are encouraged to consider and act favorably on such consents; however, it is emphasized that there will be no substantive adverse consequences should the parties elect not to do so.

So Ordered.

Signed by Hon. Hugh B. Scott on 10/27/09. (JRA) Modified on 10/27/2009 (JRA). (Entered: 10/27/2009)

| 10/27/2009 | | E-Filing Notification: 9 |

**ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**

**TEXT OF THE ORDER**

This case has been referred to the undersigned for pretrial proceedings. A scheduling conference will be held on **January 6, 2010 at 2:30 p.m.,** in the chambers of the undersigned.

PRIOR TO THE SCHEDULING CONFERENCE, THE PARTIES ARE DIRECTED TO

| | | |
|---|---|---|
| | | COMPLY WITH THE REQUIREMENTS OF RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE. This means that, at a minimum, (1) the parties are to have exchanged initial disclosures as required by Rule 26(a)(1); (2) the parties are to have met or conferred as required under Rule 26(f); and (3) the parties are to have submitted a proposed discovery plan to the Court at least 7 days prior to the scheduling conference as also required by Rule 26(f).<br><br>Also, the Magistrate Judge is available to conduct any or all proceedings in a jury or non-jury civil matter and to order the entry of judgment in the case pursuant to 28 U.S.C. 636(c). Attached hereto is a Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge, together with a consent form, for consideration by the parties. The parties are encouraged to consider and act favorably on such consents; however, it is emphasized that there will be no substantive adverse consequences should the parties elect not to do so.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 10/27/09. (JRA) Modified on 10/27/2009 (JRA). (JRA) (Entered: 10/27/2009) |
| 01/04/2010 | 10 | CERTIFICATE OF SERVICE by Berlincia Easterling *of Plaintiff's Initial Disclosures Under Federal Rule of Civil Procedure 26(a)* (Hiller, Kenneth) (Entered: 01/04/2010) |
| 01/04/2010 | 11 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>By letter dated January 4, 2010, counsel for the plaintiff requests permission for lead counsel, Brian Bromberg, Esq., to appear at the January 6, 2010 conference by phone. The request is granted. If counsel is not going to be available at the phone number listed on the docket, counsel shall provide the Court with a phone number at which he can be reached for the conference as soon as possible. The Court will initiate the telephone call. It appears that all remaining counsel will attend in person.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 1/4/10. (JRA) (Entered: 01/04/2010) |
| 01/05/2010 | 12 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>By letter dated December 28, 2009, the parties have advised the Court that a settlement has been reached in this matter. The scheduling conference set for January 6, 2010 is cancelled. Papers effectuating the settlement and discontinuing the action shall be submitted directly to the District Court Judge.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 1/5/10. (JRA) (Entered: 01/05/2010) |
| 01/05/2010 | 13 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT** |

| | | **TEXT OF THE ORDER** |
|---|---|---|
| | | Please disregard the Order dated January 5, 2010 suggesting that a settlement had been reached in this matter. The Order was inadvertently filed in the wrong case. The scheduling conference set for January 6, 2010 shall take place as scheduled.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 1/5/10. (JRA) (Entered: 01/05/2010) |
| 01/06/2010 | 14 | **MINUTES OF PROCEEDINGS**<br><br>**BEFORE MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>A scheduling conference took place on January 6, 2010. Present: B. Bromberg (by phone) and K. Hiller for plaintiffs; B. Leiven for defendant. Purported class action claim. A scheduling order to issue.(JRA) (Entered: 01/06/2010) |
| 01/19/2010 | 15 | SCHEDULING/CASE MANAGEMENT ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.)<br><br>Plaintiff Expert Witness ID due by 9/1/2010., Defendant Expert Witness ID due by 10/15/2010., Dispositive Motions due by 1/31/2011., Pretrial Statements due by 4/29/2011. Discovery completed by 10/29/2010. Final Pretrial Conference set for 5/18/2011 09:00 AM before Hon. William M. Skretny. Jury Trial set for 7/26/2011 09:30 AM before Hon. William M. Skretny. Signed by Hon. Hugh B. Scott on 1/19/10. (JRA) (Entered: 01/19/2010) |
| 05/20/2010 | 16 | Consent MOTION to Amend/Correct 15 Scheduling Order, Set Deadlines/Hearings,,,, by Berlincia Easterling. (Attachments: # 1 Affirmation of Kenneth R. Hiller, # 2 Certificate of Service)(Hiller, Kenneth) (Entered: 05/20/2010) |
| 05/24/2010 | 17 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>The parties have moved to modify the scheduling order in this case as follows: the deadline for the plaintiff to file a motion for class certification shall be extended to July 20, 2010; the defendant shall respond by August 9, 2010; a reply, if any, shall be filed by August 23, 2010. the motion (Docket No. 16) is granted.<br><br>None of the other sates set forth in the January 19, 2010 scheduling order (Docket No. 15) are modified.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 5/24/2010.(JRA) (Entered: 05/24/2010) |
| 07/20/2010 | 18 | Consent MOTION to Amend/Correct 15 Scheduling Order, Set Deadlines/Hearings,,,, 17 Order on Motion to Amend/Correct,, Second by Berlincia Easterling. (Attachments: # 1 |

| | | Affirmation of Kenneth Hiller, # <u>2</u> Certificate of Service)(Hiller, Kenneth) (Entered: 07/20/2010) |
|---|---|---|
| 07/21/2010 | <u>19</u> | AMENDED SCHEDULING ORDER (Please Note: This docket text may <u>not</u> contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.)<br><br>Plaintiff Expert Witness ID due by 11/1/2010., Defendant Expert Witness ID due by 12/15/2010., Discovery completed by 12/29/2010., Dispositive Motions due by 3/11/2011., Pretrial Statements due by 4/29/2011., Final Pretrial Conference set for 5/18/2011 09:00 AM before Hon. William M. Skretny., Jury Trial set for 7/26/2011 09:30 AM before Hon. William M. Skretny.<br><br>Motions terminated: <u>18</u> Consent MOTION to Amend/Correct.<br><br>Signed by Hon. Hugh B. Scott on 7/21/2010. (JRA) (Entered: 07/21/2010) |
| 09/09/2010 | <u>20</u> | Consent MOTION to Amend/Correct <u>15</u> Scheduling Order, Set Deadlines/Hearings,,,, by Berlincia Easterling. (Attachments: # <u>1</u> Affirmation of Kenneth R. Hiller, # <u>2</u> Certificate of Service)(Hiller, Kenneth) (Entered: 09/09/2010) |
| 09/10/2010 | | E-Filing Notification: Incorrect document attached to entry. Action required: re-file entry with correct MOTION attachment and new proof of service re: <u>20</u> Consent MOTION to Amend/Correct <u>15</u> Scheduling Order, Set Deadlines/Hearings. (Hiller, Kenneth) (DLC) (Entered: 09/10/2010) |
| 09/10/2010 | <u>21</u> | Third MOTION to Amend/Correct by Berlincia Easterling. (Attachments: # <u>1</u> Affidavit Affirmation of Kenneth Hiller, # <u>2</u> Certificate of Service)(Hiller, Kenneth) (Entered: 09/10/2010) |
| 09/10/2010 | <u>22</u> | ORDER granting <u>21</u> Motion to Amend or Correct. Signed by Hon. Hugh B. Scott on 9/10/2010. (JRA) (Entered: 09/10/2010) |
| 09/10/2010 | <u>23</u> | AMENDED ORDER granting motion for modification of scheduling order and SECOND AMENDED SCHEDULING ORDER( Motions for class certification due by 11/19/2010., Responses due by 12/20/2010., Replies due by 1/7/2011. Discovery completed by 2/28/2011. Signed by Hon. Hugh B. Scott on 9/10/2010. (JRA) (Entered: 09/10/2010) |
| 11/15/2010 | <u>24</u> | Consent MOTION to Amend/Correct <u>23</u> Order, Set Deadlines/Hearings, Set Scheduling Order Deadlines,,, by Berlincia Easterling. (Attachments: # <u>1</u> Affirmation of Kenneth R. Hiller, # <u>2</u> Certificate of Service)(Hiller, Kenneth) (Entered: 11/15/2010) |
| 11/18/2010 | 25 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>The parties have filed another motion seeking modification of the Scheduling Order as it relates to the filing of a motion for class certification. (Docket No. 24). The parties do not seek adjustment of any other dates in the previously modified Scheduling Order. the motion is granted. The plaintiff shall file a motion for class certification by December 20, 2010. The defendants shall respond by January 20, 2011. A reply, if any, shall be filed by February 4, 2011. All other dates in the Scheduling Order remain unchanged. |

| | | determined upon review of the papers. |
|---|---|---|
| | | The plaintiff's reply, if any, to the defendants' response to the motion for class certification remains due on February 4, 2011. The motion will be deemed submitted without oral argument unless otherwise determined upon review of the papers. |
| | | So Ordered. |
| | | Signed by Hon. Hugh B. Scott on 1/24/2011. (JRA) (Entered: 01/24/2011) |
| 02/04/2011 | 33 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>By letter dated February 4, 2011 (attached), the plaintiff requests that the time to reply to the response to the motion for class certification be extended to February 14, 2011. The plaintiff asserts that the defendants consent to the request. The request is granted.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 2/4/2011. (JRA) (Entered: 02/04/2011) |
| 02/14/2011 | 34 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>By letter dated February 11, 2011 (attached), the plaintiff requests that the time to reply to the response to the motion for class certification be extended to February 23, 2011. The plaintiff asserts that the defendants consent to the request. The request is granted.<br><br>Similarly, counsel for the plaintiff states that the defendants seek extension of the deadline for filing a reply to the plaintiff's response to defendants' motion for summary judgment. The defendants seek an extension until March 13, 2011. The plaintiff does not object. That request is also granted.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 2/14/2011. (JRA) (Entered: 02/14/2011) |
| 02/23/2011 | 35 | REPLY to Response to Motion re 26 MOTION to Certify Class MOTION to Appoint Counsel *for Class* filed by Berlincia Easterling. (Attachments: # 1 Certificate of Service) (Hiller, Kenneth) (Entered: 02/23/2011) |
| 02/23/2011 | 36 | RESPONSE to Motion re 28 First MOTION for Summary Judgment filed by Berlincia Easterling. (Attachments: # 1 Statement of Undisputed Facts and of Additional Material Facts, # 2 Declaration of Berlincia Easterling, # 3 Certificate of Service)(Hiller, Kenneth) (Entered: 02/23/2011) |
| 03/04/2011 | 37 | Consent MOTION to Amend/Correct 15 Scheduling Order, Set Deadlines/Hearings,,,, by Berlincia Easterling. (Attachments: # 1 Affirmation of Kenneth Hiller, # 2 Certificate of Service)(Hiller, Kenneth) (Entered: 03/04/2011) |

| 03/08/2011 | 38 | **ORDER OF MAGISTRATE JUDGE HUGH B. SCOTT**<br><br>**TEXT OF THE ORDER**<br><br>The parties have moved to stay various dates in the scheduling order until after the pending motion for class certification is resolved by the Court. (Docket No. 37). The motion is granted. The Court notes that a motion for summary judgment filed by the defendants is also pending before the Court. The date for the filing of dispositive motions is adjourned generally. The court will issue a new scheduling order, as appropriate, upon the resolution of the pending motions.<br><br>So Ordered.<br><br>Signed by Hon. Hugh B. Scott on 3/8/2011. (JRA) (Entered: 03/08/2011) |
|---|---|---|
| 03/14/2011 | 39 | REPLY to Response to Motion re 28 First MOTION for Summary Judgment filed by Collecto, Inc.. (Levien, Bradley) (Entered: 03/14/2011) |
| 03/15/2011 | | E-Filing Notification: For future reference, attorney's name should be next the S/ re 39 REPLY to Response to Motion re 28 First MOTION for Summary Judgment filed by Collecto, Inc.. (Levien, Bradley) (DLC) (Entered: 03/15/2011) |
| 07/06/2011 | 40 | TEXT ORDER REASSIGNING CASE. IT HEREBY IS ORDERED that this case is TRANSFERRED to the Hon. John T. Curtin for all further proceedings. SO ORDERED. Issued by William M. Skretny, Chief Judge U.S.D.C. on 7/6/2011. (MEAL) (Entered: 07/06/2011) |
| 07/12/2011 | 41 | DECISION AND ORDER granting 28 Defendant's Motion for Summary Judgment and dismissing the Complaint. The Clerk is directed to enter judgment in favor of Defendant. Because summary judgment disposes of this case, the Plaintiff's 26 Motion to Certify Class is not addressed. Signed by Hon. John T. Curtin on 7/7/2011. (JEC) (Entered: 07/12/2011) |
| 07/12/2011 | 42 | NOTICE of Appearance by Joseph D. Clark on behalf of Berlincia Easterling (Clark, Joseph) (Entered: 07/12/2011) |
| 07/13/2011 | 43 | JUDGMENT in favor of Collecto, Inc. against Berlincia Easterling. Signed by the Clerk of the Court on 7/13/2011. (DLC) (Entered: 07/13/2011) |
| 08/08/2011 | 44 | NOTICE OF APPEAL by Berlincia Easterling. Filing fee $ 455, receipt number 0209-1429628. (Attachments: # 1 Exhibit Exhibit A, # 2 Certificate of Service Exhibit B)(Clark, Joseph) (Entered: 08/08/2011) |
| 08/09/2011 | 45 | Remark: Pursuant to Local Rule 12.1 of the US Court of Appeals for the Second Circuit, Forms C and D must be completed within 14 days after the filing of a Notice of Appeal. Forms C and D are attached or can be obtained on the Second Circuit website at www.ca2uscourts.gov (DLC) (Entered: 08/09/2011) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |
| 08/22/2011 10:11:34 |

| PACER Login: | kh0256 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:09-cv-00669-JTC - HBS |
| Billable Pages: | 7 | Cost: | 0.56 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERLINCIA EASTERLING,

                        Plaintiff,

        -vs-                                           09-CV-669-JTC

COLLECTO, INC.,

                        Defendant .

---

        By order of Chief United States District Judge William M. Skretny dated July 6, 2011

(Item 40), this matter has been reassigned to the undersigned for all further proceedings.

        In this action, plaintiff Berlincia Easterling claims that defendant Collecto, Inc. sent

her a false, misleading, or deceptive student loan debt collection letter in violation of certain

provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Plaintiff has moved pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify

a class of student loan debtors who "were sent a debt collection letter by [defendant] . . . in

a form materially identical or substantially similar to the letter sent to Plaintiff" (Item 26, p.

1), and defendant has moved pursuant to Fed. R. Civ. P. 56 for summary judgment to

dismiss the complaint in its entirety (Item 28).

        For the reasons that follow, defendant's motion for summary judgment is granted.

Because the summary judgment motion disposes of this case, the court will not address

plaintiff's class certification motion.

## BACKGROUND

In or around 1987, plaintiff obtained a student loan guaranteed by the United States Department of Education (Item 28-6, ¶ 1). Plaintiff's student loan balance remained due and owing in the amount of $2,469.00 when she filed a petition under Chapter 7 of the Bankruptcy Code on August 23, 2001 (*id.* at ¶¶ 2, 3, 9). She prepared her bankruptcy case with the advice of legal counsel, and listed her unsecured non-priority claims on "Schedule F" (*id.* at ¶¶ 5, 15; Item 28-5, pp. 7-10). On her "Schedule F" she characterized her student loan debt as "not dischargeable," and she did not attempt to obtain a discharge of her student loan debt by showing in an adversary proceeding that repaying the loan would cause her undue hardship, as required by the Bankruptcy Code (Item 28-5, p. 9; Item 28-6, ¶ 23); *see* 11 U.S.C. § 523(a)(8) (excepting student loan debt from discharge in bankruptcy "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor"); Fed. R. Bankr. P. 7001(6) (requiring an adversary proceeding "to determine the dischargeability of a debt"). Plaintiff acknowledges that she had the right to claim undue hardship in this manner, but she did not pursue this relief during the pendency of her 2001 bankruptcy case (Item 28-6, ¶¶ 23, 31). As a result, plaintiff's student loan debt was not discharged upon the conclusion of the bankruptcy case on November 29, 2001, and the debt remained due and owing thereafter (*id.* at ¶¶ 35, 36; Item 28-5, p. 12).

Defendant Collecto, Inc. is primarily in the business of collecting debts, and is experienced in collecting overdue student loans (Item 28-7, pp. 7, 8). Defendant has a contract with the Department of Education to collect overdue student loans, and has assigned a manager specifically to the Department of Education contract to ensure

-2-

compliance with agency guidelines and federal laws (*id.* at 6). The record demonstrates that defendant has specific internal procedures for its employees to follow when attempting to collect overdue student loans owed by bankrupt debtors (*id.* at 15, 16). When defendant's employees learn that a student loan debtor has filed for bankruptcy, the debt collectors suspend collection activity and assign the overdue account to an administrative resolution department to determine whether the student loan debt was discharged in bankruptcy (*id.* at 32, 33). The administrative resolution clerks examine each bankruptcy filing; and if the student loan debt was discharged in bankruptcy, defendant sends the account back to the Department of Education because the debts cannot be collected (*id.* at 16, 26). However, if the administrative resolution clerk finds that the bankrupt student loan debtor did not initiate an undue hardship adversary proceeding to discharge the debt, defendant recommences collection efforts by mailing a letter to the debtor indicating that the student loan debt is not dischargeable (*id.* at 33, 35-38).

Defendant attempted to collect plaintiff's overdue student loan debt by sending plaintiff a form letter dated September 24, 2008, that stated:

***IMPORTANT NOTIFICATION***

*****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE*****

Your account is NOT eligible for bankruptcy discharge and must be resolved.

(Item 28-3, ¶ 16).

Plaintiff then commenced this action on July 9, 2009, alleging that this language in the collection letter violated the FDCPA (Item 1). Specifically, plaintiff claims that defendant's characterization of her student loan debt as "ineligible for bankruptcy discharge" is a false, deceptive, or misleading representation of her student loan debt

because the possibility exists that she could either reopen her 2001 bankruptcy case or file a new bankruptcy case, and then seek a discharge of her student loan debt (*see* Item 36, pp. 1, 2). Plaintiff has moved to certify a class of student loan debtors to whom Collecto sent a debt collection letter "in a form materially identical or substantially similar to" the September 24, 2008 letter she received (Item 26, p. 1), and defendant has moved for summary judgment to dismiss this claim in its entirety.

For the reasons that follow, defendant's motion for summary judgment is granted, and the complaint is dismissed.

## DISCUSSION

### I.     Summary Judgment

Rule 56 provides that summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party", and facts are "material" if they "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In reaching a summary judgment determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 574 (2d Cir. 2005). The moving party bears the initial burden of establishing that there are no genuine issues of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). That burden may be satisfied by pointing out the absence of evidence to support the non-movant's claims.

-4-

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once this initial showing is made, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial.  *Anderson*, 477 U.S. at 256; *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996).  Mere conclusory allegations are insufficient and "[t]here must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts'" to defeat a motion for summary judgment.  *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), *cert. denied*, 500 U.S. 928 (1991).

The trial court's function at the summary judgment stage "is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution."  *Gallo v. Prudential Residential Svc, Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994); *see also Keystone Mfg Co. v. Jaccard Corp.*, 394 F. Supp. 2d 543, 549 (W.D.N.Y. 2005).

## II.    Fair Debt Collection Practices Act

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the

consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Plaintiff alleges that by sending the "ineligible for bankruptcy discharge" collection letter to plaintiff and other bankrupt student loan debtors, defendant violated the general prohibition of section 1692e (prohibiting a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt"); as well as the specific prohibitions of subsections e(2)(A) (prohibiting a debt collector from falsely representing "the character, amount, or legal status of any debt"); e(5) (prohibiting a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken"); and e(10) (prohibiting a debt collector from "us[ing] … any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"); and, in addition, section 1692f (prohibiting a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt").

In this Circuit, the question of whether a debt collector's communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer," in an effort to ensure that gullible and shrewd consumers alike are protected from abusive debt collection practices. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The "least sophisticated consumer" standard applies to violations of both sections 1692e and 1692f, *Hasbrouck v. Arrow Fin. Servs.*, 2011 WL 1899250, at *3 (N.D.N.Y. May 19, 2011), and, therefore, the court will analyze each of plaintiff's statutory claims under this standard.

### A.    15 U.S.C. § 1692e, e(2)(A), e(5), and e(10)

Section 1692e of the FDCPA provides sixteen specific and nonexclusive prohibited debt collection practices, in addition to generally prohibiting a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Under the "least sophisticated consumer" standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319. However, courts have carefully preserved the concept of reasonableness, and have been unwilling to extend the FDCPA's protections to "'every bizarre or idiosyncratic interpretation' of a collection notice." *Id.* (quoting *Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989)).

Plaintiff argues that the collection letter sent by defendant stating that her student loan debt was "ineligible for bankruptcy discharge" was inaccurate because it is technically possible that plaintiff's student loan debt could be discharged in bankruptcy (*see* Item 36 at 11).  Plaintiff maintains that she could either reopen her 2001 bankruptcy case or file a new bankruptcy case, and then seek a discharge of her student loan debt in an adversary proceeding by showing undue hardship (*id.*).  While it is well settled that student loans are presumptively nondischargeable in bankruptcy, *U.S. Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, ___, 130 S. Ct. 1367, 1381 n.13 (2010) (discussing the effect of 11 U.S.C. § 523(a)(8)), the Bankruptcy Code provides an exception that student loans can be discharged if forcing repayment "would impose an undue hardship on the debtor . . ." *See* 11 U.S.C. § 523(a)(8).  However, the "debtor bears the burden of proof to show undue hardship under Code § 523(a)(8)." *In re Pincus*, 280 B.R. 303, 310 (Bankr. S.D.N.Y.

2002); *see also In re Thoms*, 257 B.R. 144, 148 (Bankr. S.D.N.Y. 2001); *United States v. Wood*, 925 F.2d 1580, 1583 (7th Cir. 1991).

Here, plaintiff has neither reopened her 2001 bankruptcy case nor filed a new bankruptcy case to seek a discharge of her student loan. In her original bankruptcy case filed with the advice of counsel in 2001, she never even attempted to bring an adversary proceeding to show that repaying her student loan would cause her undue hardship (Item 28-6, ¶¶ 23, 31). In the court's view, it is difficult to understand how plaintiff believes that defendant's 2008 characterization of her student loan debt as "ineligible for bankruptcy discharge" is inaccurate, when she failed to exercise her available legal rights from 2001 through the present to overcome the presumption that her student loan debt was not dischargeable. If plaintiff wants to challenge this presumption of nondischargeability, she still has the opportunity to do so in bankruptcy court. However, until she can make a showing of undue hardship, her student loan debt is, in fact, not dischargeable in bankruptcy, and the representation in defendant's collection letter is not inaccurate.

In addition, the difficult nature of prevailing in an undue hardship adversary proceeding undermines the reasonableness of plaintiff's interpretation of defendant's letter. To obtain an undue hardship discharge, the Second Circuit requires a student loan debtor to prove:

> (1) that she cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this current state of affairs is likely to persist for a significant portion of the repayment period; and
>
> (3) that she has made good faith efforts to repay the loans.

-8-

*In re Davis*, 373 B.R. 241, 245 (Bankr. W.D.N.Y. 2007) (citing *Brunner v. N.Y. Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). The "additional circumstances" prong of the *Brunner* test is a high threshold for a student loan debtor;[1] to satisfy this prong, courts often require a debtor to show the existence of rare or severe predicaments such as "illness, disability, a lack of useable job skills, or the existence of a large number of dependents." *In re Davis*, 373 B.R. at 250 (quoting *In re Oyler*, 397 F.3d 382, 386 (6th Cir. 2005)).

While this court is not tasked with adjudicating whether plaintiff has satisfied the elements of the *Brunner* undue hardship test, it is important to understand that obtaining a discharge of a student loan is not achieved merely by filing an adversary proceeding; there is a high burden of proof that a debtor must satisfy. Plaintiff's argument assumes that this high burden of proof will be satisfied, when she has not even attempted to make an adversary undue hardship claim to overcome the presumption of nondischargeability. Plaintiff's interpretation of the collection letter rests on an assumption that, simply, is not reasonable.

Accordingly, no reasonable jury could find that defendant's collection letter was false, deceptive, or misleading; and therefore, defendant is entitled to summary judgment dismissing plaintiff's section 1692e claim.

---

[1] *See, e.g.,* *In re L.K.*, 351 B.R. 45, 54 (Bankr. E.D.N.Y. 2006) (quoting *Brunner*, 831 F.2d at 396 ("The ['additional circumstances'] prong puts into effect 'the clear congressional intent exhibited in section 523(a)(8) to make the discharge of student loans more difficult than that of other nonexcepted debt.'")); *In re Frushour*, 433 F.3d 393, 401 (4th Cir. 2005) (characterizing the "additional circumstances" prong as "a demanding requirement") (internal citations omitted); *Educ. Credit Mgmt. Corp. v. Curiston*, 351 B.R. 22, 29 (D. Conn. 2006) ("[T]he additional circumstances element sets a high standard of proof.").

Plaintiff also alleges that defendant's collection letter violates section 1692e(2)(A), and subsections e(5), and e(10), which prohibit a debt collector from taking the following actions, respectively:

> (2) The false representation of . . . (A) the character, amount, or legal status of any debt; . . . .
>
> . . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A), e(5), and e(10).

Because the court has found that defendant's letter stating that plaintiff's student loan debt was "ineligible for bankruptcy discharge" was not false, deceptive, or misleading, the claims under the more specific subsections e(2)(A), e(5), and e(10) must similarly fail. As detailed above, because defendant's collection letter stating that "[y]our account is NOT eligible for bankruptcy discharge and must be resolved" is not a false representation, but rather is an accurate characterization of the loan's legal status, the letter does not threaten action that cannot legally be taken (Item 1 at 9). The collection letter merely informs plaintiff that her account remains due and owing, and advises her that "[t]here are several voluntary options available to you including repayment arrangement, rehabilitation, compromise settlement and consolidation" (*id.*). Since plaintiff's student loan debt is not dischargeable in bankruptcy, defendant was justified in informing plaintiff of her available debt resolution options, and in no way can this statement be construed as threatening

action that cannot legally be taken; to the contrary, the loan was not discharged, and it remained due and owing.  Based on this record, no reasonable jury could find that defendant's collection letter was false, deceptive, or misleading in violation of section 1692e and subsections e(2)(A), e(5), and e(10).  Therefore, defendant is entitled to summary judgment dismissing these claims.

### B.    15 U.S.C. § 1692f

Section 1692f prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  However, "the unfair or unconscionable conduct alleged must be in addition to the acts that a plaintiff alleges violate other sections of the FDCPA."  *Annis v. Eastern Asset Mgmt.*, 2010 WL 1035273, at *4 (W.D.N.Y. Mar. 18, 2010) (citing *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)).  Here, plaintiff does not allege additional conduct to support her section 1692f claim, but instead relies only on the conduct which forms the basis for her section 1692e claim; therefore, there is no violation of section 1692f.

Furthermore, the record demonstrates that defendant takes great care to ensure that the not-dischargeable-in-bankruptcy collection letter is sent only to debtors whose student loans have not been discharged in bankruptcy.  As detailed above, when defendant's debt collectors learn that a student loan debtor has filed for bankruptcy, the debt collectors suspend collection activity and assign the account to an administrative resolution department to determine whether the student loan debt was discharged in bankruptcy (Item 28-7, at 32, 33).  Defendant recommences collection proceedings only if the administrative resolution clerk finds that the bankrupt student loan debtor did not

initiate an undue hardship adversary proceeding to discharge the debt (*id.* at 33).

Defendant carries out its student loan debt collection in a careful and organized manner,

with oversight from a manager specifically assigned to the Department of Education

contract (*id.* at 6). Defendant's collection methods, therefore, cannot be characterized as

unfair or unconscionable.

Based on this record, and having drawn all reasonable inferences in plaintiff's favor,

no rational juror could find in favor of plaintiff on her claim that defendant's means of

collecting her student loan debt was unfair or unconscionable in violation of section 1692f.

Therefore, defendant is entitled to summary judgment dismissing this claim.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff has failed to come forward

with evidence of specific facts that raise a genuine issue for trial on any of the claims

asserted in the complaint, and that defendant is entitled to judgment dismissing those

claims as a matter of law. Accordingly, defendant's motion for summary judgment (Item

28) is granted, and the complaint is dismissed. Because summary judgment disposes of

this case, the court will not address plaintiff's class certification motion.

The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   July 7  , 2011
p:\pending\2009\09-669.june17.2011

-12-

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

WESTERN DISTRICT OF NEW YORK

Easterling

v.

Collecto, Inc.

## JUDGMENT IN A CIVIL CASE
### CASE NUMBER: 09-CV-669-C

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED, defendant's motion for summary judgment (item 28) on the docket is granted, and the complaint is dismissed. Because summary judgment disposes of this case, the court will not address plaintiff's class certification motion.

Date: July 13, 2011

MICHAEL J. ROEMER,
CLERK OF COURT
UNITED STATES DISTRICT COURT

By: s/Denise Collier
Deputy Clerk