# 11-3209-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

▶▶◀◀

BERLINCIA EASTERLING, on behalf of herself and
all others similarly situated,

*Plaintiff-Appellant,*

*v.*

COLLECTO, INC., dba COLLECTION COMPANY OF AMERICA,

*Defendant-Appellee.*

*On Appeal from the United States District Court
for the Western District of New York (Buffalo)*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

Seth J. Andrews
Joseph D. Clark
Kenneth R. Hiller
LAW OFFICES OF KENNETH HILLER, PLLC
6000 North Bailey Avenue
Amherst, New York 14228
716-564-3288

*and*

Brian Lewis Bromberg
Michael N. Litrownik
BROMBERG LAW OFFICE, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
212-248-7906

*Attorneys for Plaintiff-Appellant*

Table of Contents

Table of Authorities……………………………………………………………ii

I. Collecto's statements that Easterling is not eligible for bankruptcy discharge are false and deceptive, unfair, and unconscionable because nothing prevents her– or the other class members – from asserting their right to a discharge in a reopened bankruptcy or in a new bankruptcy filing…………….1

II. The cases cited by Collecto are not on point………………………3

III. Because Collecto's letter states that neither Easterling nor the other class members are entitled to pursue a bankruptcy discharge of their student loans now or forever, Collecto is incorrect in claiming that the letter is not deceptive under the "least sophisticated consumer" standard…………………………….7

IV. Conclusion……………………………………………………..9

## Table of Authorities

**Cases**

*In re Alderete*,
 412 F.3d 1200 (10th Cir. 2005)………………………………………….3

*Brunner v. NYS Higher Education Services Corp.*,
 831 F.2d 395 (2d Cir. 1987)……………………………………………..3, 4

*Buford v. Higher Education Assistance Foundation*,
 85 B.R. 579 (D. Kan. 1988)……………………………………………..3, 4

*In re Cox*,
 338 F.3d 1238 (11th Cir. 2003)………………………………………….3

*Edwards v. Niagara Credit Solutions, Inc.*,
 584 F.3d 1350 (11th Cir. 2009)…………………..…..…………...…....7

*In re Faish*,
 72 F.3d 298 (3d Cir. 1995)……………………………………………….3

*Gonzales v. Arrow Financial Services*,
 660 F.3d 1055 (9th Cir. 2011)…………………………………………...8

*Leyse v. Corporate Collection Servs.*,
 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451,
 (S.D.N.Y. Sept. 18, 2006)……………………………………………….7

*In re Mosko*,
 515 F.3d 319 (4th Cir. 2008)……………………………………………..3

*Matter of Roberson*,
 999 F.3d 1132 (7th Cir. 1993)…………………………………………...3

*Ruth v. Triumph Partnerships*,
 577 F.3d 790 (7th Cir. 2009)……………………………………………7, 8

*Traversa v. Educational Management Corp.*,
   2011 WL 5110214 (2d Cir. Oct. 28, 2011)(unpublished)……………..3

*United States Aid Funds, Inc. v. Espinosa*,
   __ U.S. __, 130 S. Ct. 1367 (2010)…………………………..…………3

*In re Walker*,
   427 B.R. 471 (8th Cir. BAP 2010)……………………………….........5, 6

*United States v. Wood*,
   925 F.2d 1580 (7th Cir. 1991)……………………………………….3

I. Collecto's statements that Easterling is not eligible for bankruptcy discharge are false and deceptive, unfair, and unconscionable because nothing prevents her– or the other class members – from asserting their right to a discharge in a reopened bankruptcy or in a new bankruptcy filing.

The issue on appeal is not complex: In an attempt to collect a debt, Defendant's letter falsely informed consumers that their accounts are ineligible for bankruptcy discharge even though the consumers' accounts may have been eligible and may still in fact be eligible for a bankruptcy discharge. Indeed, Easterling's account was (and is) in fact eligible for a bankruptcy discharge. But in attempting to avoid liability, Defendant has constructed a straw man argument. Easterling is not claiming that her student-loan debt was discharged in bankruptcy. Nor is she claiming that any of the student loans of the other 181 class members were discharged in bankruptcy. Rather, the case for liability is simple: In its letter, Collecto affirmatively states that Easterling and the other class members are "INELIGIBLE FOR BANKRUPTCY DISCHARGE".[1] In other words, based on the class members' past decision not to seek to discharge their debts, Collecto has falsely and deceptively stated that the class members are not entitled to discharge

---

[1] Letter. A. 18 (Citations to the Appendix appear as A. ___)

1

their student loans in the future. Because there is no statute of limitations on federally guaranteed student loans, Collecto has just taken the remarkable step of advising 182 consumers that even if they suffer "undue hardship" within the meaning of the Bankruptcy Code, they are forever ineligible to obtain discharges.

The facts concerning Easterling's own bankruptcy case perfectly illustrate the weaknesses to Collecto's defense. In 2001, Easterling filed bankruptcy and obtained a discharge. At the time, she chose not to seek a discharge of her student loans. Based solely on her decision not to file an adversary proceeding in 2001, seven years later Collecto wrote to her warning "*****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE******", and advising that "Your account is NOT eligible for bankruptcy discharge and must be resolved." As set forth in Easterling's initial brief, however, while it is true that there was no finding in the proposed class members' bankruptcy petitions that their student loans were dischargeable, there was also no finding that they were not dischargeable. That is, Easterling could have obtained, *and may still obtain*, a discharge of her student-loan indebtedness (a) by filing a new bankruptcy petition and seeking a discharge of their

2

student loans in the new proceeding; or (b) by moving to reopen her prior bankruptcy cases for the purpose of filing a proceeding seeking a discharge of her student loans.

## II. The cases cited by Collecto are not on point

In its opposition brief Collecto cites a string of cases from around the country for the proposition that Easterling must commence an adversary proceeding "to determine the dischargeability of a debt" and repeatedly refers to the "steep burden on a debt in a bankruptcy proceeding to show undue hardship."[2] But these cases are irrelevant. Having to meet a "steep burden" or a "burden" of any degree is not the same as being ineligible. Collecto's 2008 letter states that Easterling is forever barred from seeking a bankruptcy discharge of her student loans because she did not seek a discharge when she filed bankruptcy in 2001. In other words, Collecto's statements – "*****ACCOUNT

---

[2] *See* Collecto's appellate brief at 6-7 (ECF# 46), citing *United States Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, 130 S.Ct. 1367, 1381 (2010); *United States v. Wood*, 925 F.2d 1580, 1583 (7th Cir. 1991); *Traversa v. Educational Management Corp.*, 2011 WL 5110214 (2d Cir. Oct. 28, 2011)(unpublished); *In re Mosko*, 515 F.3d 319 (4th Cir. 2008); *In re Alderete*, 412 F.3d 1200 (10th Cir. 2005); *In re Cox*, 338 F.3d 1238 (11th Cir. 2003); *In re Faish*, 72 F.3d 298 (3d Cir. 1995); *Matter of Roberson*, 999 F.2d 1132 (7th Cir. 1993); *Brunner v. NYS Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987); *Buford v. Higher Education*

INELIGIBLE FOR BANKRUPTCY DISCHARGE******" and "Your account is NOT eligible for bankruptcy discharge and must be resolved" – are objectively false.

Similarly, Collecto's claim in its appellate brief that Easterling "has not presented any evidence to indicate that she would prevail under the *Brunner Test* [for undue hardship]" is also irrelevant and illogical at best.[3] The problem with Collecto's claim is that the language used in Collecto's letter falsely informs Easterling that she is foreclosed from *even trying* to have her student loans discharged in bankruptcy. Defendant is suggesting that in order for its letter to be deemed deceptive consumers would have to somehow know at the time of receiving the letter that they might be able to meet the standards of the *Brunner* test for undue hardship at some time in the future. By force of logic, Collecto is implying that Easterling would have to show that at some time in the future she plans on becoming seriously injured, so as to meet the criteria for showing undue hardship.  Obviously, this is impossible.

---

*Assistance Foundation*, 85 B.R. 579 (D. Kan. 1988).
[3] *See* Collecto's appellate brief at 8, citing *Brunner*, 831 F.2d 395).

4

Moreover, Collecto's citation to *In re Walker*,[4] a recent Eight Circuit Bankruptcy Appellate Panel decision, is puzzling. Citing a footnote, Collecto claims that *Walker* stands for the proposition that "[l]aches prevents a debtor from asserting an undue hardship claim long after a bankruptcy proceeding."[5] This is false. In fact, *Walker* supports Easterling's position. In *Walker*, the BAP held, *inter alia*, that: (a) the bankruptcy court had authority to adjudicate the dischargeability of the debtor's student loan debt more than three years after entry of the debtor's general order of discharge, "based on changed circumstances,"[6] and (b) when a Chapter 7 debtor seeks to discharge a student-loan debt after the general discharge has been entered, the bankruptcy court is not limited to consideration of those circumstances existing at the time of discharge, but "may, and should, consider the circumstances existing *at the time of trial*."[7] And the very footnote cited by Collecto in support of its laches argument stands for just the opposite of what Collecto claims it stand for: "[W]e note that . . . [the debtor's] waiting three years

---

[4] 427 B.R. 471 (BAP, 8th Cir. 2010).

[5] *See* Collecto's appellate brief at 8, citing *Walker*, 437 B.R. at 481, n. 29.

[6] *Walker*, 437 B.R. at 478-82.

5

to bring the dischargeability action, in and of itself, does not support a laches defense."[8] The BAP went on to note that "In order to prevail on a laches argument, [the creditor] . . . had the burden to demonstrate such circumstance beyond the mere lapse of time, and it did not do so."[9]

In other words, (a) the BAP held that the bankruptcy court properly allowed the Chapter 7 debtor to visit the issue of student-loan dischargeability *three years* after the debtor received her general discharge, (b) the BAP affirmed the decision that the passage of time alone will not prevent a discharge, (c) the BAP stated that laches is an equitable defense with the burden falling upon the creditor, and (d) the BAP held that the bankruptcy court properly looked at the circumstances at the time the debtor sought the student-loan discharge, rather than at the time of the general discharge three years earlier. Easterling could not have stated her position in a more elegant and straightforward manner than did the BAP in *Walker*. Easterling would only add that Collecto has not come forward with a showing that she – or any possible class member – should supposedly be removed from the

---

[7] *Id.* at 482 (emphasis added).
[8] *Id.* at 481, n. 29.

6

class based on laches.

    III.    Because Collecto's letter states that neither Easterling nor the other class members are entitled to pursue a bankruptcy discharge of their student loans now or forever, Collecto is incorrect in claiming that the letter is not deceptive under the "least sophisticated consumer" standard

Debt collectors are not permitted to misinform consumers about their legal rights. Debt collectors are also not obligated in any manner to give legal advice to consumers regarding bankruptcy, but if they choose to then they certainly need to make sure it is correct.[10] This case is akin to the decision in *Ruth v. Triumph Partnerships*,[11] in which the Seventh Circuit held that advising consumers that their information could be shared with third parties – unless they affirmatively opted out – violated the FDCPA. The Seventh Circuit held that by misinforming consumers about a debt collector's rights under the law, the debt collector violated 15 U.S.C. § 1692e, and its subsections.

---

[9] *Id.*

[10] *See Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719, *13-14, 2006 WL 2708451 (S.D.N.Y. Sept. 18, 2006); *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009) (noting that debt collectors have no legal right to use a particular manner to collect, but do have a legal obligation to follow the FDCPA).

This case is also similar to the decision in *Gonzales v. Arrow Financial Services*,[12] in which the Ninth Circuit held that letters sent to nearly 40,000 California residents in which Arrow threatened to report debts that were more than seven years old – and therefore unreportable – violated the FDCPA. The Ninth Circuit held that this misstatement of the law violated 15 U.S.C. § 1692e, and its subsections.

Taken together, *Ruth* and *Gonzales* stand for the principle that debt collectors cannot misrepresent the law to coerce collection of amounts allegedly owed. In other words, regardless of whether Ruth or Gonzales owed money, they could not be told that if they failed to start paying, their debts would be disclosed to third-parties or reported to credit-reporting agencies when doing so would be illegal.

Here, similarly, Collecto's statements – "*****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE******" and "Your account is NOT eligible for bankruptcy discharge and must be resolved" – are false statements of the law. As set forth in Easterling's initial brief, if Collecto's letter had merely stated that the student-loan account

---

[11] 577 F.3d 790 (7th Cir. 2009).
[12] 660 F.3d 1055 (9th Cir. 2011).

8

had not been discharged and remained due and owing, Collecto would not have violated the FDCPA. But Collecto used much broader language, falsely informing Easterling that her account was ineligible for bankruptcy discharge now and forever. In other words, even though seven years had passed since Easterling filed bankruptcy and she would soon be eligible to file bankruptcy again, Collecto's letter implied that she could not commence an adversary proceeding to determine dischargeability because she had not filed an adversary proceeding in the past. Collecto's message to Easterling and the other 181 class members was unmistakable: you will never be eligible to discharge this debt, so start paying us now. This gratuitous legal advice is objectively false and, therefore, violates the FDCPA's prohibitions on false, deceptive, unfair, and unconscionable means of debt-collection found in 15 U.S.C. §§ 1692e and -f and their subsections.

## IV. Conclusion

Plaintiff-Appellant Berlincia Easterling respectfully requests that this Honorable Court vacate the Decision and Order, dated July 7, 2011 and entered on July 12, 2011, and the resulting Judgment, entered on July 13, 2011, and reverse the district court's grant of summary

judgment for Collecto, Inc.

Dated:   New York, New York
         January 27, 2012

>   Respectfully submitted,
>
>   Bromberg Law Office, P.C.
>
>
>   By: /s/ Brian L. Bromberg
>       Brian L. Bromberg

**Attorneys for Plaintiff-Appellant**
Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Seth J. Andrews
Joseph D. Clark
Kenneth R. Hiller
Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
(716) 564-3288

10

Certificate of Compliance
With Type-Volume Limitation, Typeface Requirements
And Type Style Requirements

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because:

> This brief contains 1,948 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5), and the type style requirements of Fed.R.App.P. 32(a)(6) because:

> This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010, in Century, font size 14.

Dated: New York, New York
January 27, 2012

> Respectfully submitted,
>
> Bromberg Law Office, P.C.
> Attorneys for Plaintiff-Appellant
>
> By: /s/ Brian L. Bromberg
>    Brian L. Bromberg

**Prepared by PrintingHouse Press, Ltd. 10 East 39th Street, New York, NY 10016**

**Tel No: (212) 719-0990 Fax No: (212) 398-9253**

STATE OF NEW YORK )

COUNTY OF NEW YORK ) SS

Dave Jackson, Being duly sworn, deposes and says that deponent is not party to the action, and is over 18 years of age.

That on 1/27/2012 deponent caused to be served 2 copy(s) of the within

## Reply Brief for Plaintiff-Appellant

upon the attorneys at the address below, and by the following method:

## By Regular 1st Class Mail

**Bradley J. Levien**
**Mintzer, Sarowitz, Zeris, Ledva &**
**Meyers, LLP**
**17 West John Street, Suite 200**
**Hicksville, New York 11801**
**516-939-9200**
**Attorneys for Defendant-Appellee**

| | |
|---|---|
| **Sworn to me this** | **Case Name:** Berlincia Easterling v. Collecto, Inc. |
| Friday, January 27, 2012 | |
| ALLISON R. WADE | **Docket/Case No:** 11-3209-cv |
| Notary Public, State of New York | |
| No. 01WA6191434 | |
| Qualified in New York County | **Index:** |
| Commission Expires 8/11/2012 | |